## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SNEHA IYER,

  *Plaintiff,*

v.

GEORGE WASHINGTON UNIVERSITY
SCHOOL OF MEDICINE AND HEALTH
SCIENCES, et al.,

  *Defendants.*

Civil Action No. 1:24-cv-00130-SLS

## PLAINTIFF'S OPPOSITION TO ECF NO. 89; NOTICE OF MATERIAL INACCURACY REGARDING PURPORTED CONFERENCE WITH PLAINTIFF, AND REQUEST CONCERNING PUBLIC FILING OF MATERIAL COMMUNICATIONS

Plaintiff Ms. Iyer, proceeding pro se, respectfully submits this Opposition to the Motion of Mr. Robert L. Sirianni, Jr. for Leave to Submit His Supplemental Show-Cause Response In Camera and Ex Parte and to File a Redacted Version on the Public Docket (ECF No. 89). **Plaintiff also respectfully notifies the Court of a material factual inaccuracy contained in that filing and states her position directly so that the record is clear.**

Plaintiff does not submit this response to create an additional collateral dispute. She submits it because ECF No. 89 contains an affirmative representation concerning Plaintiff that is not accurate, and because Plaintiff has been making sustained efforts to ensure that the record before this Court accurately reflects what occurred.



**RECEIVED**

AUG 0 7 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## I. PARAGRAPH 5 INCORRECTLY STATES THAT MR. SIRIANNI CONFERRED WITH PLAINTIFF.

Paragraph 5 of ECF No. 89 states that "[t]he undersigned conferred with counsel for the Defendants and with the pro se Plaintiff on August 7 2026; state positions." ECF No. 89 at 2.

That representation is incorrect as it relates to Plaintiff. Plaintiff has not spoken with Mr. Sirianni since July 23, 2026. Mr. Sirianni did not call Plaintiff, email Plaintiff, meet with Plaintiff, or otherwise communicate with Plaintiff on August 7, 2026 regarding ECF No. 89, Plaintiff's position on that Motion, or the relief requested therein. Plaintiff therefore did not provide Mr. Sirianni with a position concerning ECF No. 89 before it was filed.

Indeed, the filing itself states on page four, under the heading "CONSULTATION NOTICE," that "Counsel has no knowledge as to the position of the pro se Plaintiff, Sneha Iyer." ECF No. 89 at 4.

Thus, the same filing states both that Mr. Sirianni conferred with Plaintiff on August 7 and that he had no knowledge of Plaintiff's position. Plaintiff can clarify the factual question from her own personal knowledge: no such conference with Plaintiff occurred.

Plaintiff further notes that the words "state positions" remain in Paragraph 5. Plaintiff does not speculate as to why that language or the inaccurate conference statement appears in the filed document. It may reflect mistake, inadvertence, incomplete drafting, or some other explanation. Plaintiff asks only that the record accurately reflect that Mr. Sirianni did not confer with her before filing ECF No. 89.

## II. PLAINTIFF'S ACTUAL POSITION WAS NOT OBTAINED BEFORE ECF NO. 89 WAS FILED.

Plaintiff understands from her subsequent communication with Defendants' counsel that Mr. Sirianni contacted Defendants' counsel concerning the requested relief. ECF No. 89 itself states that Defendants' counsel had no objection to the Motion. ECF No. 89 at 4.

Plaintiff was not afforded a comparable opportunity to state her position before the filing. That distinction matters because Mr. Sirianni is former counsel and Plaintiff is presently proceeding pro se. Plaintiff respectfully requests that the docket not suggest that former counsel consulted with Plaintiff, obtained Plaintiff's position, or spoke on Plaintiff's behalf concerning ECF No. 89 when no such communication occurred.

## III. PLAINTIFF OPPOSES ECF NO. 89 AS PRESENTLY SUBMITTED TO THE EXTENT IT CONTAINS THE INACCURATE CONFERENCE REPRESENTATION.

To eliminate any possible ambiguity, Plaintiff states her position directly. Plaintiff opposes ECF No. 89 as presently submitted to the extent that it contains the inaccurate representation that Mr. Sirianni conferred with her. Plaintiff respectfully requests that the Court disregard or require correction of Paragraph 5 insofar as it states that a conference with Plaintiff occurred.

Plaintiff does not object to reasonable measures necessary to protect genuinely privileged or confidential material. Nor does Plaintiff ask the Court to require disclosure of unrelated attorney-client communications. Her concern is that factual assertions concerning her own conduct, communications, instructions, knowledge, or credibility should not be placed before the Court without Plaintiff having a fair opportunity to know what is being asserted and to respond.

Accordingly, if Mr. Sirianni is permitted to submit an unredacted supplemental show-cause response and exhibits, Plaintiff respectfully requests that she receive the submission to the fullest extent consistent with the Court's procedures and applicable privilege rules, and that she be afforded a reasonable opportunity to respond to any material factual assertions concerning her.

## IV. PLAINTIFF REQUESTS PUBLIC FILING OF URGENT AND MATERIALLY RELEVANT COMMUNICATIONS TO THE FULLEST EXTENT PERMITTED.

Plaintiff further respectfully requests that urgent and materially relevant communications bearing directly on the accuracy of representations made to the Court, Plaintiff's instructions to counsel, and Plaintiff's documented efforts to correct the record be filed on the public docket to the fullest extent permitted by law.

Plaintiff recognizes the Court's obligation to protect legitimately privileged or confidential material. She does not seek wholesale disclosure of unrelated legal advice or private communications. Rather, she asks that communications necessary to establish what occurred, correct factual inaccuracies, and permit meaningful review not remain unavailable to the public merely because they involve former counsel.

To the extent particular portions of a communication genuinely require protection, Plaintiff respectfully requests narrowly tailored redactions rather than wholesale sealing where practicable. Plaintiff further requests that any material relied upon to make factual assertions concerning her be preserved as part of an accurate judicial record, subject to whatever confidentiality protections the Court determines are required.

## V. PLAINTIFF ALSO SEEKS LEAVE TO SUBMIT POST-HEARING COMMUNICATIONS CONCERNING ATTEMPTED EMAIL RECALLS.

Plaintiff additionally discovered after the July 23, 2026 hearing that members of Mr. Sirianni's team attempted to recall one or more emails containing communications and exhibits pertinent to the matters now before the Court. Plaintiff did not become aware of those attempted recalls until after the hearing.

Plaintiff does not ask the Court to infer any improper motive from the attempted recalls, and she does not presently characterize why they occurred. She raises the issue because the affected communications and exhibits may bear directly on the chronology, on what materials were transmitted to counsel, and on Plaintiff's documented efforts to correct the record.

Plaintiff therefore respectfully asks for leave to submit the relevant recall notices, underlying communications, and associated exhibits in whatever manner the Court deems appropriate, including on the public docket, under seal, in camera, or through another procedure directed by the Court. Plaintiff's request is limited to ensuring that the Court has access to the complete and accurate record necessary to evaluate the issues presently before it.

## VI. PLAINTIFF'S PURPOSE IS TO CORRECT THE RECORD, NOT TO ESCALATE THE DISPUTE.

Plaintiff is presently in the difficult position of correcting statements made by former counsel while simultaneously respecting the Court, acknowledging the concerns raised by Defendants, and preserving her right to vigorously advocate for relief. She does not seek to minimize inaccuracies in prior filings, nor does she believe that correcting them requires abandoning arguments that remain supported by the evidence and the law.

Plaintiff therefore approaches this filing with both candor and resolve. Where a prior representation is inaccurate, she will correct it. Where an adverse fact is true, she will acknowledge it. But where the complete record supports a different inference regarding Plaintiff's diligence, state of mind, good faith, or conduct, Plaintiff respectfully intends to say so.

Plaintiff is deeply concerned about the accuracy of the record because the issues presented in this case may matter beyond the immediate parties. Plaintiff recognizes that she may ultimately obtain or be denied the relief she seeks. Regardless of outcome, however, she believes she has an obligation to make every reasonable effort to ensure that the judicial record accurately reflects what occurred. She therefore seeks correction not merely as advocacy for herself, but to preserve an accurate record for any future review and for whatever broader legal significance this case may ultimately have.

Candor does not require capitulation, and correction of the record does not require Plaintiff to surrender arguments that remain supported by the evidence and the law.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) take notice that Mr. Sirianni did not confer with Plaintiff regarding ECF No. 89 on August 7, 2026; (2) disregard or require correction of the contrary representation in Paragraph 5; (3) recognize that Plaintiff's position was not obtained before ECF No. 89 was filed; (4) permit Plaintiff a reasonable opportunity to review and respond to factual assertions or exhibits concerning her; (5) require public filing, to the fullest extent permitted and with narrowly tailored redactions where necessary, of materially relevant communications bearing on the accuracy of the record; (6) permit Plaintiff to submit the post-hearing recall notices, underlying communications, and

associated exhibits in whatever manner the Court deems appropriate; and (7) grant such other relief as the Court deems just and appropriate.

Respectfully Submitted,

Sneha Iyer

Plaintiff, Pro Se

415 L Street NW, Apt. 646

Washington, D.C. 20001

21sneha.iyer@gmail.com

Date: August 7, 2026

## CERTIFICATE OF SERVICE

I certify that on August 7, 2026, I served a true and correct copy of the foregoing on counsel of record and Mr. Robert L. Sirianni, Jr. by electronic mail and/or through such filing and service procedures as are available to me as a pro se litigant.

Sneha Iyer

Sneha Iyer

Plaintiff, *pro se*

415 L Street NW, Apt. 646

Washington, D.C. 20001

Tel: 412-651-5464

Email: 21sneha.iyer@gmail.com

Dated: August 7, 2026